UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

J.L. and M.L., et al.,

            Plaintiff(s),

v.

MERCER ISLAND SCHOOL DISTRICT,

            Defendant(s).

NO. C06-494P

ORDER ON MOTIONS FOR RECONSIDERATION

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Motion for Reconsideration (Dkt. No. 27)

2. Defendant's Motion for Reconsideration (Dkt. No. 29)

3. Plaintiffs' Response to Defendant's Motion for Reconsideration (Dkt. No. 35)

and all exhibits and declarations attached thereto, makes the following rulings:

(1) IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is GRANTED. The Court inadvertently misidentified the documents reviewed and the Order on Petition for Judicial Review (Dkt. No. 26, page 1, lines 10-13) is corrected to read as follows:

    1.     Plaintiffs' Amended Opening Brief (Dkt. No. 14)

    2.     Defendant's Amended Brief (Dkt. No. 21)

    3.     Plaintiffs' Reply Brief (Dkt. No. 24)

Further, in remanding the matter to the hearing officer for further ruling on Plaintiffs' remedies, the Court inadvertently omitted reference to the relief of reimbursement. Accordingly the Order on Petition for Judicial Review (Id. at page 12, lines 20-24 and page 13, lines 3-5) is corrected as follows:

> While the above analysis does dictate a finding that the District IEPs for K.L. were deficient and the minor was thereby denied a FAPE for the years in question, the Court declines Parents' invitation to make an independent determination of the appropriate educational program or

**ORD ON MTNS**
**FOR RECONSID - 1**

placement for their daughter, or of the exact nature of the reimbursement or compensatory educational remedy to which she is entitled. . .

Based on the Court's analysis and findings, the Parents are entitled to reimbursement for the cost of K.L.'s education at Landmark School if the hearing officer determines that her placement was proper under the law, and some form of compensatory educational relief is owed to Parents the minor student. The exact nature of the compensatory education relief is best left to the hearing officer with the most direct and extensive acquaintance with the facts and opinions in this case.

(2) IT IS FURTHER ORDERED that Defendant's Motion for Reconsideration is GRANTED and Plaintiffs' Motion for Attorney Fees (Dkt. No. 30) is hereby STRICKEN.

The Court is persuaded that it is premature at this point in the litigation to declare that Plaintiffs are the "prevailing party" and therefore entitled to an award of attorney fees. The Ninth Circuit has recently held that the definition of "prevailing party" enunciated in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Heath & Human Res., 532 U.S. 598, 600 (2001) will apply to IDEA cases. P.N. v. Seattle School District No. 1, ___ F3d. ___, 2007 WL 210386 (9th Cir.).

"[T]o be considered a prevailing party after Buckhannon, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." Id. at *5 (citations omitted). The Court does not find that, in the present posture of this matter, the legal relationship of the parties has been both materially altered and judicially sanctioned. As the court in P.N. noted, "... we have not awarded attorney's fees where the plaintiff has. . . acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by '*judicial* relief.'" (Id. at *4; citation omitted, emphasis in original.)

The plaintiffs here are in a similar situation – they have acquired a judicial pronouncement of a statutory violation unaccompanied by the judicial relief that awaits the reconsideration by the hearing officer, guided by this Court's written opinion. They are free to renew their attorney's fees motion once that determination has been made.

**ORD ON MTNS FOR RECONSID - 2**

1   The clerk is directed to provide copies of this order to all counsel of record.

2   Dated: February 10, 2007

/s/ Marsha J. Pechman
Marsha J. Pechman
U.S. District Judge

**ORD ON MTNS**
**FOR RECONSID - 3**